IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HCA-INFORMATION TECHNOLOGY & SERVICES, INC., | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | No. 3:10-cv-01155 Judge Nixon |
| v. | ) ) | Magistrate Judge Knowles |
| INFORMATICA CORPORATION, | ) ) | JURY DEMAND |
| Defendant/Counter-Plaintiff. | ) ) | |

## ORDER

Pending before the Court is Defendant Informatica Corporation's Rule 56(d) Motion to Deny or Continue Consideration of Plaintiff's Motion for Summary Judgment ("Rule 56(d) Motion") (Doc. No. 51), filed with a Memorandum in Support (Doc. No. 52) and a Declaration (Doc. No. 53). Plaintiff HCA-Information Technology & Services, Inc. filed a Response in Opposition (Doc. No. 56), to which Defendant filed a Reply (Doc. No. 60). For the reasons stated herein, Defendant's Rule 56(d) Motion is **GRANTED in part**.

I. BACKGROUND

Plaintiff initiated this suit on December 9, 2010. (Doc. No. 1.) Plaintiff filed an Amended Complaint on September 22, 2011. (Doc. No. 50.) Plaintiff's Amended Complaint alleges that Plaintiff and Defendant entered into a software license agreement ("Agreement"), under which Plaintiff purchased a license to use Defendant's software. (Doc. No. 50 ¶¶ 7-8, 12.) Plaintiff alleges that in October of 2010, Defendant conducted an audit of Plaintiff's use of the software. (*Id.* ¶ 21.) Plaintiff alleges that Defendant then informed Plaintiff that its software

1

installation was not in compliance with the Agreement.  (*Id.* ¶ 22.)  Specifically, Plaintiff alleges that Defendant claimed Plaintiff was using multiple software "repositories" which would each require a separate license.  (*Id.* ¶ 23.)  Plaintiff claims that Defendant has demanded $6,300,000 in additional license and maintenance fees.  (*Id.* ¶ 24.)  Plaintiff denies that its separate "repository services" constitute separate repositories because they are not installed on their own host servers and do not have their own central connection to a computer.  (*Id.* ¶ 25.)  Plaintiff seeks a declaratory judgment of the parties' rights and responsibilities under the Agreement, an injunction against Defendant's interference with its use of the software, and damages for unfair trade practices.  (*Id.* at 1.)

On June 20, 2011, Defendant filed an Answer to the Amended Complaint and also brought counterclaims for copyright infringement, breach of contract, and violation of the Tennessee Consumer Protection Act.  (Doc. No. 55.)  Defendant's Counter-complaint alleges that pursuant to the Agreement, Plaintiff purchased one license to Defendant's software.  (Doc. No. 55 ¶ 75.)  As such, Defendant alleges that Plaintiff was only licensed to use one repository.  (*Id.*)  However, Defendant alleges that Plaintiff ultimately used more than one repository without paying additional license and maintenance fees.  (*Id.* ¶¶ 77-78.)  Defendant thus counterclaims for copyright infringement, due to Plaintiff "exceeding the scope of the license" under the Agreement; breach of contract for Plaintiff's failure to pay license and maintenance fees for additional repositories; and violation of the Tennessee Consumer Protection Act (TCPA) due to Plaintiff's allegedly unfair and deceptive acts in using more of Defendant's software than it was entitled to use under the Agreement.  (*Id.* ¶¶ 94-108.)

Magistrate Judge Knowles held a case management conference with the parties on July 18, 2011, and set the following deadlines: close of discovery on March 23, 2012, discovery-

related motions by March 30, 2012, and dispositive motions by April 23, 2012. (Doc. No. 36.) Defendant asserts that at the conference, Plaintiff informed Magistrate Judge Knowles that it intended to file a summary judgment motion against Defendant's counterclaims based on a three-year limitations period in the Agreement, but Magistrate Judge Knowles rejected Plaintiff's request to delay the commencement of discovery pending resolution of that motion. (Doc. No. 52 at 3.)

Plaintiff then filed a Motion for Summary Judgment Based on Statute of Limitations on September 21, 2011, asserting that all of Defendant's counterclaims must be dismissed because they are time-barred by the Agreement's three-year limitation period. (Doc. No. 43.) Plaintiff subsequently filed an Amended Complaint (Doc. No. 50) and Defendant again filed an Answer with counterclaims (Doc. No. 55).

On October 5, 2011, Defendant moved the Court to deny or continue consideration of the Motion for Summary Judgment under Federal Rule of Civil Procedure 56(d), alleging that it has not had sufficient time to conduct discovery. (Doc. No. 51.) Defendant also filed a Memorandum in Support (Doc. No. 52) and the Declaration of its attorney, John S. Hicks (Doc. No. 53). Defendant subsequently filed a Motion for Expedited Consideration of the Rule 56(d) Motion (Doc. No. 54), which the Court granted on October 7, 2011, staying Defendant's deadline to respond to the Motion for Summary Judgment pending resolution of the Rule 56(d) Motion (Doc. No. 57).

## II. LEGAL STANDARD

A non-moving party must receive "'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986));

*see also White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994) ("[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery."). Federal Rule of Civil Procedure 56(d) states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

A party seeking relief under Rule 56(d) must file an affidavit that explains "the need for discovery, what material facts may be uncovered, and why the information has not been previously discovered." *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009).

The Sixth Circuit has set out five factors that a court should consider when deciding a Rule 56(d) motion: (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the non-moving party was responsive to discovery requests. *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995).

### III. DISCUSSION

#### A. Defendant's Asserted Basis for Rule 56(d) Relief [1]

Plaintiff's Memorandum in support of its Motion for Summary Judgment asserts that Defendant's breach of contract and copyright counterclaims are untimely because the Agreement provides a three-year limitations period for any "action, regardless of form, arising out of any acts or omissions relating to this Agreement." (Doc. No. 44 at 8.) In support of this argument,

---

[1] The majority of Defendant's assertions in its supporting Memorandum are also started verbatim in the sworn Declaration of John Hicks, counsel for Defendant (Doc. No. 53). The Court will refrain from citing both the Declaration and Defendant's supporting Memorandum at each instance.

4

Plaintiff provides a sworn Declaration by one of its employees stating that Plaintiff began using multiple repositories in 2002, and Plaintiff provides emails from Defendant's employees mentioning multiple repositories in August and September of 2007. (*Id.* at 9.) Plaintiff also alleges that an employee of Defendant visited Plaintiff's facilities in spring of 2007 to inspect Plaintiff's software installation and verified that it was in compliance with the Agreement. (*Id.* at 5.) Plaintiff asserts that Defendant's breach of contract claim for its use of multiple repositories therefore accrued no later than August of 2007, more than three years before Defendant brought its counterclaims. (*Id.*) Plaintiff makes the same limitations argument as to Defendant's TCPA counterclaim. Claims under the TCPA must be brought within one year of discovery of the unlawful act, but no more than five years after the date of the consumer transaction giving rise to the claim. Tenn. Code Ann. § 47-18-110. Plaintiff asserts that the e-mails mentioned above establish that Defendant discovered the alleged unlawful acts more than one year ago, and that the consumer transaction of Plaintiff's licensure occurred more than five years ago. (Doc. No. 44 at 16.)

Defendant moves the Court to deny or delay consideration of Plaintiff's Motion for Summary Judgment because Defendant has not had a sufficient opportunity to complete discovery on the statute of limitations issue. (Doc. No. 51.) Defendant argues that it is therefore unable to fully present facts essential to oppose summary judgment. (*Id.*) Defendant's supporting Memorandum asserts that it has satisfied the technical requirements of Rule 56(d) by submitting a sufficient Declaration, which states in relevant part:

> Informatica needs additional time to discover information, such as the date and manner that IT&S first created or installed more than one repository, the communications that IT&S claims authorized the manner in which the software was deployed, the identity and authority of employees of Informatica that IT&S claims were told of the nature of the deployment, the ongoing nature of the breach

5

> by IT&S of the SLA, necessary for Informatica to evaluate and respond to the motion for summary judgment. Much of this information is within IT&S' exclusive control, including for example, the dates it overdeployed Informatica software and whether it had a good faith belief that it was authorized to breach the parties' license agreement. Not only are depositions of IT&S' declarants required on all these issues, but also Informatica requires discovery of the documents it has requested of IT&S – including internal IT&S communications exclusively within IT&S' control – in order to adequately address IT&S' motion. That discovery may lead to other depositions and documents required to evaluate these issues.

(Doc. No. 53 ¶ 23.) Defendant also argues that the balance of the *Plott* factors weighs in favor of granting the Rule 56(d) Motion. (Doc. No. 52 at 3.) Defendant's counsel avers in the Declaration that an extension until January 31, 2012, would allow sufficient time for the necessary discovery. (Doc. No. 53 ¶ 18.)

Generally, Defendant urges that it should not be forced to respond to the Motion for Summary Judgment without further opportunity to discover information that is in the sole control of Plaintiff. (*Id.* at 5.) Defendant argues that the first factor, when it learned of the issue for which it seeks discovery, weighs in its favor because Defendant had less than two months to conduct discovery from the time Plaintiff announced its intention to file a summary judgment motion at the case management conference. (Doc. No. 52 at 4.) Defendant asserts that Plaintiff served incomplete or inadequate responses to Defendant's discovery requests, some of which sought information directly related to the limitation-period defense, less than a month before it filed its motion. (*Id.*) For example, Defendant avers that it requested information regarding the first date that Plaintiff created and/or installed more than one repository. (*Id.*) Plaintiff responded that it was "unable to state the first date on which it created and/or installed more than one repository/repository service and is unaware of any way to determine creation dates," but that "[i]f [Defendant] can provide SQL queries that can determine creation dates, [Plaintiff] will perform such queries and supplement its answer." (*Id.*)

6

Defendant also states that it requested documents to show changes or modifications Plaintiff made regarding its installation, configuration, and use of the software, and that Plaintiff responded that it was unable to determine such information but would supplement its response if Defendant provided an automated way to determine such changes and modifications. (*Id.* at 4-5.) Defendant asserts that because Plaintiff filed its Motion for Summary Judgment less than a month after it served these inadequate responses, Defendant is still in the process of determining whether it can provide such queries and automated processes and what other options are available to obtain the requested information. (*Id.* at 5.) Defendant further argues that Plaintiff promised to produce certain documents "after the parties have agreed upon search terms to apply to electronic documents," but the parties had not agreed on search terms before Plaintiff filed its Motion for Summary Judgment. (*Id.*)

Defendant also notes that no depositions have been taken, and, therefore, Defendant has not had an opportunity to cross-examine the two employees who submitted the Declarations upon which Plaintiff's Motion for Summary Judgment relies. (*Id.* at 6.) Defendant contends that it must be afforded an opportunity to cross-examine the employees and discover the basis for many of their unsupported assertions. (*Id.*)

Next, Defendant argues that the second factor, whether the desired discovery would affect the resolution of summary judgment, favors its request for an extension because the desired discovery is relevant to the issues raised in Plaintiff's Motion for Summary Judgment. (Doc. No. 52 at 7.) Defendant contends that, while Plaintiff asserts that the counterclaims accrued more than three years before Defendant brought them, Plaintiff has been unable to determine the first date that it engaged in the allegedly inappropriate use. (*Id.*) Defendant argues

7

that, given more time, it will discover information about the timing of Plaintiff's improper use that will aid in its efforts to defeat summary judgment. (*Id.*)

Finally, Defendant argues that the third and fourth factors relating to the length of the discovery period and its discovery efforts weigh in its favor, because Plaintiff moved for summary judgment six months before the close of discovery, Defendant had already made discovery requests of Plaintiff, and Plaintiff responded to the first set of discovery requests less than a month before moving for summary judgment. (Doc. No. 52 at 7-8.) Further, although Plaintiff did respond to Defendant's discovery requests, Defendant asserts that the responses indicated Plaintiff would produce documents after certain negotiations between the parties. (*Id.* at 8.) However, Defendant contends that, contrary to this indication, Plaintiff then moved for summary judgment instead of proceeding to negotiate or produce documents. (*Id.*) Defendant concludes that it must have more adequate responses to the discovery requests in order to "meaningfully test" Plaintiff's assertions and oppose summary judgment. (*Id.*)

Plaintiff responds that Defendant's need for discovery to determine when Plaintiff created more than one repository and changed or modified the software is without merit because Defendant's outside expert, Pricewaterhouse Coopers, conducted a comprehensive audit of Plaintiff's software installation in April of 2011. (Doc. No. 56 at 1-2.) Plaintiff argues that, as a result, Defendant knows everything that can be determined concerning the issues raised in the Motion for Summary Judgment. (*Id.* at 2.) Plaintiff also asserts that Defendant has had knowledge of Plaintiff's intent to file a Motion for Summary Judgment and the basis for that Motion since May of 2011, not since the case management conference in July of 2011 as Defendant asserts. (*Id.*)

8

Plaintiff further argues that the Rule 56(d) Motion must be denied because Defendant has, at the least, failed to meet its burden of detailing specific reasons why it cannot present relevant facts, what material it hopes to uncover, and how that discovery would shed further light on the issue of when the limitations period began to run. (Doc. No. 56 at 3.) Plaintiff urges that, in fact, no amount of additional discovery will aid Defendant in obtaining facts about when Plaintiff first used more than one repository. (*Id.* at 4.)

Next, Plaintiff argues that Defendant's claim of incomplete or inadequate discovery responses "lacks all basis in fact." (*Id.*) Plaintiff defends its position that it does not know and cannot determine the precise date on which it first created more than one repository, but that it was "no later than summer 2007." (*Id.* at 4-5.) To that end, Plaintiff avers that its responses to Defendant's discovery requests were as complete and forthright as possible. (*Id.* at 5.) Plaintiff also contends that since August 16, 2011, Defendant has refused to discuss search terms that would aid Plaintiff in producing the documents Defendant wants, and it should not be rewarded for such dilatory actions. (*Id.*)

Finally, Plaintiff urges the Court to deny the Rule 56(d) Motion because the information Defendant allegedly needs is within Defendant's possession, custody, or control. (*Id.*) Plaintiff asserts that not only did its alleged breach occur more than three years ago, but that Defendant knew about the breach more than three years ago. (*Id.*) Plaintiff cites statements made by three of Defendant's employees acknowledging the existence of multiple repositories. (*Id.*) Plaintiff concludes that Defendant does not need discovery to make inquiries of its own employees, and the fact that it has not done so indicates that it has no good faith basis for opposing summary judgment or filing the Rule 56(d) Motion. (*Id.* at 6.)

*B. Analysis*

The supporting Declaration of Defendant's counsel specifies that Defendant needs to discover five pieces of information: (1) the date and manner that Plaintiff first created or installed more than one repository, (2) the communications of Defendant's employees that Plaintiff claims authorized multiple repositories, (3) the identity and authority of Defendant's employees that Plaintiff claims knew about the multiple repositories, (4) the ongoing nature of Plaintiff's alleged breach, and (5) whether Plaintiff had a good faith belief that it was authorized to create multiple repositories.  (Doc. No. 53 ¶ 23.)  The Declaration states that Defendant must depose Plaintiff's supporting declarants on all of these issues and obtain Plaintiff's relevant internal communications.  (*Id.*)  The Court further extracts from the Declaration that Defendant has been unable to discover this information because of the relatively short period of time since the commencement of discovery and its inability to procure documents that are within Plaintiff's control.

The Court finds that Defendant has stated with adequate precision the desired discovery listed above and why Defendant has not previously discovered the information, as is required by the Sixth Circuit.  *See Summer v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (internal citation omitted); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).  However, the Court finds that Defendant has failed to meet its burden of stating how some of the purportedly necessary discovery will affect the outcome of the Motion for Summary Judgment.

The Court finds that the two issues relevant to Plaintiff's time limitation defense are when Plaintiff began using multiple repositories and when Defendant had knowledge of Plaintiff's use of multiple repositories.  The second, third, and fifth pieces of information that Defendant identifies relate to the authority of its employees to authorize Plaintiff's use of

10

multiple repositories. Defendant's Reply brief in support of the Rule 56(d) Motion asserts that this issue is "at the heart" of Plaintiff's Motion for Summary Judgment, and that Defendant will argue in response to the Motion that the employees did not have the authority to modify the parties' written contract. (Doc. No. 60 at 1-2.) Defendant then asserts that it requires discovery into Plaintiff's internal documents to determine if Plaintiff had a good faith belief that the employees had such authority. (*Id.* at 2.)

The matter of the employees' authority to approve Plaintiff's use of multiple repositories, however, is relevant to Plaintiff's liability, not to the technical statute of limitations issue that Plaintiff raises in the Motion for Summary Judgment or to Defendant's possible legal defenses to that issue. For the current purposes, the relevant factual dispute surrounding the employees' knowledge of when Plaintiff began using multiple repositories is when they acquired that knowledge occurred, not whether such knowledge gave Plaintiff authority to use multiple repositories. Further, the Court finds no explanation in the Declaration or Defendant's supporting briefs of how information about Plaintiff's ongoing use of multiple repositories is relevant to the Motion for Summary Judgment or how such information would affect its resolution. The Court accordingly concludes that Defendant has failed to meet the technical requirements of Rule 56(d) for these issues.

On the other hand, Defendant has made it clear that information about when Plaintiff first used multiple repositories is directly relevant to the Motion for Summary Judgment. The Court must therefore evaluate whether Defendant is entitled to conduct discovery on this issue according to the *Plott* factors. It is obvious to the Court that Defendant's ability to create a genuine dispute of fact as to when the alleged misuse first occurred could affect the outcome of the Motion. Further, at the time Plaintiff filed its Motion for Summary Judgment, the discovery

period had lasted less than two months out of the eight months allowed for discovery. However, Plaintiff has provided the Court with an email to Defendant's counsel dated May 17, 2011, making Defendant aware of the time limitations issue and providing the emails from Defendant's employees that it intended to use in support of a time limitations defense. (Doc. No. 56-1.) Defendant does not contest the email in its Reply brief, despite the fact that its initial supporting Memorandum vehemently argues that the first *Plott* factor weighs in its favor because it was not aware of the issue until the case management conference in July. The email, however, does not state that Plaintiff would move for summary judgment early in the litigation, and Defendant may have reasonably believed that it would have more than two months of formal discovery following the case management conference.

Nor does the Court find that Defendant was dilatory in its discovery efforts relating to the timing of Plaintiff's use of multiple repositories. Defendant served interrogatories on Plaintiff specifically on this point and received answers less than a month before Plaintiff filed its Motion for Summary Judgment. Finally, the Court finds that the fifth *Plott* factor relating to Plaintiff's compliance with discovery does not weigh in either party's favor. The Court agrees with Plaintiff that its responses to the interrogatories were not "inadequate" or "incomplete." The Court accepts Plaintiff's good faith assertion that it answered the interrogatories to the best of its ability, and it did so within a reasonable amount of time. Nevertheless, Plaintiff's responses implied to Defendant that Plaintiff would be willing to search for additional information if Defendant were able to provide the appropriate mechanisms to do so, but Plaintiff then moved for summary judgment less than a month later.

After weighing the *Plott* factors, the Court finds that they slightly favor Defendant's request for additional discovery. Plaintiff asserts that the comprehensive audit by Defendant's

outside expert in April of 2011 gave Defendant all of information that can be determined about Plaintiff's software use. However, the Court notes that the audit occurred before the first date on which evidence indicates Defendant was aware that Plaintiff might raise a time limitations defense. More importantly, Defendant's counsel has asserted in a Rule 56(d) Declaration, under penalty of perjury, that extra time may result in Defendant's ability to provide mechanisms to obtain additional information.

The Court also agrees that Defendant should have the opportunity to depose Plaintiff's declarants. Although Defendant may have been aware of the emails from Defendant's employees supporting Plaintiff's Motion for Summary Judgment, there is no evidence that Defendant was aware of the identity of Plaintiff's employees who would provide declarations before Plaintiff filed the Motion. Defendant has specifically identified portions of the declarants' testimony for which it believes cross-examination is necessary, and these assertions relate both to the timing of Plaintiff's use of multiple repositories and to the knowledge of Plaintiff's employees as to that use.

Accordingly, the Court **GRANTS in part** Defendant's Rule 56(d) Motion to the extent that Defendant may conduct the specified depositions and other discovery that it reasonably believes will lead to information on the timing of Plaintiff's initial use of multiple repositories. Because of the focused nature of this additional discovery, and because the resolution of Plaintiff's Motion for Summary Judgment could affect the need for other discovery and further proceedings in this case, the Court finds that Defendant's requested extension is likely to be unnecessarily long. The Court grants Defendant thirty days from the entry of this Order to respond to Plaintiff's Motion for Summary Judgment. If the Defendant believes in good faith

13

that additional time to respond is warranted at the end of the thirty-day period, it may again petition the Court and show cause for a further extension.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Rule 56(d) Motion is **GRANTED in part**.

It is so ORDERED.

Entered this the __25th_____ day of October, 2011.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT